IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE LAMONT REED, SR., | No. C 13-5455 TEH (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | Doc. no. 2 |
| MARTIN BITER, Warden, | |
| Respondent. | |

Petitioner Tyrone Lamont Reed, Sr., an inmate at Kern Valley State Prison (KVSP), filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction from Alameda County Superior Court.[1]  Petitioner also applies to proceed <u>in forma pauperis</u> (IFP).  Doc. #2.  For good cause appearing, the motion to proceed IFP is granted and the Court orders Respondent to show cause why the petition should not be granted.

I

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) this Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Martin Biter as Respondent because he is Petitioner's current custodian.

directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

## II

A jury found Petitioner guilty of multiple sex offenses against his minor daughter. Petitioner appealed to the Court of Appeals and the California Supreme Court. His petition for a writ of certiorari is pending before the United States Supreme Court. Petitioner asserts the following claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of counsel appointed on remand to represent Petitioner on a motion for a new trial; (3) due process violation based on trial judge's bias because she took the charges against Petitioner personally and because Petitioner had filed numerous civil rights complaints against the judge; (4) due process violation based on trial court's decision not to admit exculpatory evidence; and (5) due process violation based on trial court's refusal to hold a new trial motion or a Marsden hearing based on incompetence of counsel.

Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## III

For the foregoing reasons and for good cause shown,

1.  Petitioner's request to proceed in forma pauperis is

**2**

1  GRANTED.  Doc. #2.

3          2.   Petitioner's claims are cognizable and are served on
4  Respondent Warden Biter.
5          3.   The Clerk shall serve by certified mail a copy of
6  this Order and the Petition, and all attachments thereto (i.e., Doc.
7  #1), on Respondent Biter and Respondent's attorney, the Attorney
8  General of the State of California.  The Clerk also shall serve a
9  copy of this Order on Petitioner.
10         4.   Respondent shall file with the Court and serve on
11 Petitioner, within sixty-three (63) days of the issuance of this
12 Order, an Answer conforming in all respects to Rule 5 of the Rules
13 Governing Section 2254 Cases, showing cause why a writ of habeas
14 corpus should not be granted.  Respondent shall file with the Answer
15 and serve on Petitioner a copy of all portions of the state trial
16 record that have been transcribed previously and that are relevant
17 to a determination of the issues presented by the Petition.
18         If Petitioner wishes to respond to the Answer, he shall do
19 so by filing a Traverse with the Court and serving it on Respondent
20 within thirty-five (35) days of his receipt of the Answer.
21         5.   In lieu of an Answer, Respondent may file a Motion to
22 Dismiss on procedural grounds, as set forth in the Advisory
23 Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.
24 If Respondent files such a motion, Petitioner shall file with the
25 Court and serve on Respondent an Opposition or Statement of
26 Non-Opposition within thirty-five (35) days of receipt of the

3

motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fourteen (14) days of receipt of any Opposition.

6. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address.

7. The Clerk of the Court shall substitute Warden Biter in as Respondent pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED    *12/18/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Reed 13-5455.OSC.wpd