UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE REED, Sr.,<br>　　　Petitioner,<br>　v.<br>MARTIN BITER,<br>　　　Respondent. | Case No. 13-cv-5455-TEH<br><br>ORDER TO FILE A RESPONSE<br><br>Re: Dkt. No. 38 |

I

Petitioner, Tyrone Reed, proceeds with a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The original petition presented the following claims:(1) due process violation based on trial court's decision not to admit exculpatory evidence; (2) ineffective assistance of trial counsel; (3) due process violation based on trial judge's bias because she took the charges against Petitioner personally and because Petitioner had filed numerous civil rights complaints against the judge; (4) ineffective assistance of counsel appointed on remand to represent Petitioner on a motion for a new trial; and (5) due process violation based on trial court's refusal to hold a new trial motion or a Marsden hearing based on incompetence of counsel.

Respondent filed a motion to dismiss because only claim four had been exhausted. Petitioner eventually elected to dismiss the

unexhausted claims and the petition continued solely on claim four. Respondent filed an answer but before the Court could issue a ruling on the sole claim in the petition, Petitioner filed an amended petition (Docket No. 33) and stated that the California Supreme Court had recently denied a state habeas petition, presumably exhausting the additional claims.

The amended petition appeared to present the same claims as the original petition, though claim one and five as described above appeared to be combined.[1] Wary that Petitioner was again bringing a mixed petition, the Court ordered him to provide a copy of the petition submitted to the California Supreme Court, rather than many more months being spent on a second motion to dismiss for failure to exhaust.

Petitioner first submitted a filing (Docket No. 38) that was a portion of the petition to the California Supreme Court, but lacked the exhibits. It only presented one claim to the California Supreme Court that the state superior court and state court of appeal were abusing their authority. Docket No. 38 at 7. That petition did not present the substance of the claims he brings in this federal petition.

Petitioner then submitted an additional filing (Docket No. 39) that contained the petition to the California Supreme Court and exhibits that were presumably filed with the California Supreme Court. The exhibits are several hundred pages and contain his petition to the California Court of Appeal, briefs

---

[1] The Court originally did not think that Petitioner included the exhausted claim from the prior petition, but a review of the amended petition demonstrates that it is presented on page six.

from prior appeals, transcripts, and many cases.  Interspersed throughout the hundreds of pages are the claims Petitioner presents in this federal petition.

Unfortunately, the Court cannot be certain if the claims were or were not exhausted.  It is not clear if the several hundred pages were provided to the California Supreme Court or even if that Court was aware of those claims as the only claim specifically brought to the California Supreme Court was that the lower courts were abusing their authority.

The Court will not yet rule on the merits of the claim from the original petition.  Respondent will be ordered to either answer the new claims or raise a motion if the claims are unexhausted, untimely, or there is another procedural problem.  The Court construes Docket No. 33 as the amended petition, because the other amended petition, Docket No. 39 fails to adequately and plainly set forth the claims.

II

For the foregoing reasons and for good cause shown,

1.   Petitioner's motion to amend (Docket No. 38) is GRANTED and the case continues on the amended petition (Docket No. 33)

2.   Respondent shall file with the Court and serve on Petitioner, within sixty-three (63) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the

3

Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within twenty-eight (28) days of his receipt of the Answer.

3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty-five (35) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fourteen (14) days of receipt of any Opposition.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address by filing a separate document entitled "Notice of Change of Address."

IT IS SO ORDERED.

Dated: 10/07/2015

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Reed5455.ord2.docx