United States District Court
Northern District of California

1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**NORTHERN DISTRICT OF CALIFORNIA**

6

7    TYRONE REED, Sr.,

Case No.  13-cv-5455-TEH

Petitioner,

8

v.

9

ORDER GRANTING MOTION TO
DISMISS

10   MARTIN BITER,

Respondent.

11

Re: Dkt. Nos. 42, 43

12
13

I

14       Petitioner, Tyrone Reed, proceeds with a pro se petition for

15   a writ of habeas corpus under 28 U.S.C. § 2254.  The original

16   petition presented the following claims:(1) due process violation

17   based on trial court's decision not to admit exculpatory

18   evidence; (2) ineffective assistance of trial counsel; (3) due

19   process violation based on trial judge's bias because she took

20   the charges against Petitioner personally and because Petitioner

21   had filed numerous civil rights complaints against the judge; (4)

22   ineffective assistance of counsel appointed on remand to

23   represent Petitioner on a motion for a new trial; and (5) due

24   process violation based on trial court's refusal to hold a new

25   trial motion or a Marsden hearing based on incompetence of

26   counsel.

27
28

United States District Court
Northern District of California

1    Respondent filed a motion to dismiss because only claim four

2    had been exhausted.  Petitioner eventually elected to dismiss the

3    unexhausted claims, and the petition continued solely on claim

4    four.  Respondent filed an answer, but, before the Court could

5    issue a ruling on the sole claim in the petition, Petitioner

6    filed an amended petition (Docket No. 33) and stated that the

7    California Supreme Court had recently denied a state habeas

8    petition, presumably exhausting the additional claims.

9        The amended petition appeared to present the same claims as

10   the original petition, though claims one and five as described

11   above appeared to have been combined.  Wary that Petitioner was

12   again bringing a mixed petition, the Court ordered him to provide

13   a copy of the petition submitted to the California Supreme Court,

14   rather than risk spending many more months being spent on a

15   second motion to dismiss for failure to exhaust.

16       Petitioner first submitted a filing (Docket No. 38) that was

17   a portion of the petition to the California Supreme Court, but

18   lacked the exhibits.  The petition only presented one claim to

19   the California Supreme Court which was that the state superior

20   court and state court of appeal were abusing their authority.

21   Docket No. 38 at 7.  That petition did not present the substance

22   of the claims he brings in this federal petition.

23       Petitioner next submitted a filing (Docket No. 39) that

24   contained the petition to the California Supreme Court and

25   exhibits that were presumably filed with the California Supreme

26   Court.  The exhibits are several hundred pages and contain his

27   petition to the California Court of Appeal, briefs from prior

28   appeals, transcripts, and many cases.  Interspersed throughout

United States District Court
Northern District of California

1    the hundreds of pages are the claims Petitioner presents in this

2    federal petition.

3          Unfortunately, the Court could not ascertain if the claims

4    were or were not exhausted[1] and ordered Respondent to either

5    answer the new claims, or if the claims were unexhausted,

6    untimely, or presented another procedural problem, file a motion

7    to dismiss.  Respondent has filed a motion to dismiss the amended

8    petition as unexhausted and procedurally defaulted

9                                    II

10         Before he may challenge either the fact or length of his

11   confinement in a habeas petition in this court, petitioner must

12   present to the California Supreme Court any claims he wishes to

13   raise in this court.  See Rose v. Lundy, 455 U.S. 509, 522 (1982)

14   (holding every claim raised in federal habeas petition must be

15   exhausted).  The general rule is that a federal district court

16   must dismiss a federal habeas petition containing any claim as to

17   which state remedies have not been exhausted.  Id.

18         A federal court will not review questions of federal law

19   decided by a state court if the decision also rests on a state

20   law ground that is independent of the federal question and

21   adequate to support the judgment.  Coleman v. Thompson, 501 U.S.

22   722, 729-30 (1991).  In the context of direct review by the

23   United States Supreme Court, the "independent and adequate state

24   ground" doctrine goes to jurisdiction; in federal habeas cases,

---

[1] It is not clear if the several hundred pages were provided to the California Supreme Court or even if that court was aware of those claims as the only claim specifically brought to the California Supreme Court was that the lower courts were abusing their authority.

United States District Court
Northern District of California

1    in whatever court, it is a matter of comity and federalism.  *Id*.

2    The procedural default rule is a specific instance of the more

3    general "adequate and independent state grounds" doctrine.  Wells

4    v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

5         In cases in which a state prisoner has defaulted his federal

6    claims in state court pursuant to an independent and adequate

7    state procedural rule, federal habeas review of the claims is

8    barred unless the prisoner can demonstrate cause for the default

9    and actual prejudice as a result of the alleged violation of

10   federal law, or demonstrate that failure to consider the claims

11   will result in a fundamental miscarriage of justice.  Coleman,

12   501 U.S. at 750.  Where petitioner's claims were not fairly

13   presented to the state courts, but an independent and adequate

14   state procedural rule exists which bars their review, claims are

15   procedurally barred in federal habeas review.  Casey v. Moore,

16   386 F.3d 896, 919 (9th Cir. 2004) (finding that Washington's

17   state procedural rule setting one-year limit on a personal

18   restraint petition, which raises a federal claim not raised on

19   direct review, precludes federal review of claim that would no

20   longer be timely under that rule).

21                                III

22                                 A

23        On September 17, 2014, the Alameda County Superior Court

24   denied Petitioner's habeas petition as successive and an abuse of

25   the writ, citing In re Clark, 5 Cal. 4th 750, 767-68, 774, 797

26   (1993) and In re Miller, 17 Cal.2d 734, 735 (1941).  Docket No.

27   39 at 27.

28

4

United States District Court
Northern District of California

1    On January 6, 2015, Petitioner filed a habeas petition in

2    the California Court of Appeal that raised five claims: (1)

3    ineffective assistance of trial counsel for failing to

4    investigate exculpatory information (Docket No. 39 at 35); (2)

5    the trial court violated petitioner's rights by limiting the

6    scope of counsel's investigation on remand (Brady violation)

7    (Docket No. 39 at 36); (3) the trial judge was biased against

8    petitioner (Docket No. 39-2 at 8-10); (4) counsel on remand was

9    ineffective (Docket No. 39-3 at 36-38); and (5) the prosecutor

10   erroneously excused the only black prospective juror on the panel

11   (Docket No. 39-4 at 1-6).

12   The California Court of Appeal denied the petition, stating:

> The petition for writ of habeas corpus is
> denied.  Petitioner does not demonstrate that
> he exhausted his habeas corpus remedy in the
> superior court as to the claims asserted in
> the instant petition.  (In re Steele (2004)
> 32 Cal. 4th 682, 692; In re Hillery (1962)
> 202 Cal. App. 2d 293, 294; People v. Duvall
> (1995) 9 Cal. 4th 464, 474.)  Regardless of
> the exhaustion issue, the petition for writ
> of habeas corpus is denied.  (In re Clark
> (1993) 5 Cal. 4th 750, 782-799 [all claims];
> In re Robbins (1998) 18 Cal. 4th 770, 780-781
> [all claims]; In re Waltreus (1965) 62 Cal.
> 2d 218, 225 [as to portions of grounds raised
> and rejected on appeal]; In re Dixon (1953)
> 41 Cal. 2d 756, 759 [as to grounds or
> portions thereof that could have been raised
> on appeal]; In re Swain (1949) 34 Cal. 2d
> 300, 303-304 [all claims].)

23   Docket No. 39 at 25.

24   On February 13, 2015, Petitioner filed a habeas petition in

25   the California Supreme Court that raised one claim asserting that

26   the superior court and court of appeal violated his due process

27   rights and demonstrated bias by denying his habeas petitions.

28   Docket No. 39 at 22.  It appears that he attached his petition to

5

1   the California Court of Appeal as an exhibit to the petition to

2   the California Supreme Court.  Docket No. 39 at 33.  The

3   California Court of Appeal petition consisted of approximately

4   247 pages.  Docket No. 39.  Interspersed throughout the hundreds

5   of pages were the claims Petitioner presented to the California

6   Court of Appeal.  The California Supreme Court denied the

7   petition without comment or citation.  Docket No. 39 at 19.

8                                    B

9        Petitioner repeatedly asserts that all claims were presented

10  to the California Supreme Court and therefore were exhausted when

11  that court denied the petition.  Liberally construing the

12  petition and Petitioner's arguments concerning his presentation

13  of claims to the California Supreme Court, and assuming that the

14  claims are exhausted, the claims are procedurally defaulted as

15  untimely.

16       The California Court of Appeal denied all claims and cited

17  to In re Clark, 5 Cal. 4th 750, 782-799 (1993) and In re Robbins,

18  18 Cal. 4th 770, 780-81 (1998).  The California Supreme Court

19  denied the petition without comment.  In Ylst the Supreme Court

20  held that where the last reasoned opinion on a claim expressly

21  imposes a procedural bar, it should be presumed that a later

22  decision summarily rejecting the claim did not silently disregard

23  the bar and consider the merits.  See Ylst v. Nunnemaker, 501

24  U.S. 797, 801-06 (1991).

25       California's timeliness rule is independent, Bennett v.

26  Mueller, 322 F.3d 573, 582-83 (9th Cir. 2003), and adequate,

27  Walker v. Martin, 562 U.S. 307, 321 (2011).  It thus may be the

28  basis for a federal district court to hold that a claim in a

United States District Court
Northern District of California

6

1    federal petition that was rejected for untimeliness in the

2    California courts is procedurally defaulted.  The Supreme Court

3    has noted that "California courts signal that a habeas petition

4    is denied as untimely by citing the controlling decisions, i.e.,

5    Clark and Robbins."  Walker, 562 U.S. at 310; see also Thorson v.

6    Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (state court citation

7    to Robbins was clear ruling that state petition was untimely).

8        Thus, all the claims the Petitioner seeks to add in the

9    amended petition are procedurally defaulted and may not continue

10   unless Petitioner demonstrates cause and prejudice or a

11   fundamental miscarriage of justice.  See Coleman, 501 U.S. at

12   750.  Respondent discussed cause and prejudice in the motion to

13   dismiss, but Petitioner has failed to provide any arguments to

14   address the issue.  The newly added claims in the amended

15   petition are dismissed as procedurally defaulted.  The action

16   continues on the sole claim that has already been fully briefed

17   and the Court will look to the merits shortly.[2]

18                                  IV

19       For the foregoing reasons and for good cause shown,

20       1.  Petitioner's motion to dismiss (Docket No. 43) is

21   DENIED.

22       2.  Respondent's motion to dismiss (Docket No. 42) is

23   GRANTED and the additional claims in the amended petition are

24   dismissed.  This case proceeds on the sole claim that has already

25   _____

26   [2] If Petitioner did not properly present his new claims to the
     California Supreme Court then they must be dismissed as
27   unexhausted.  This would be the second time in this action that
     these same claims have been dismissed as unexhausted and these
28   claims were specifically found to be untimely by the California
     Court of Appeal on January 13, 2015.  Docket No. 39 at 25.

United States District Court
Northern District of California

7

1  been fully briefed (Docket Nos. 25, 29, 30).

2       IT IS SO ORDERED.

3  Dated: 02/02/2016

4  _____
   THELTON E. HENDERSON
5  United States District Judge

6  G:\PRO-SE\TEH\HC.13\Reed5455.mtd2.docx

United States District Court
Northern District of California

8