UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE REED, Sr.,<br><br>  Petitioner,<br><br>  v.<br><br>MARTIN BITER,<br><br>  Respondent. | Case No.  13-cv-5455-TEH<br><br>ORDER DENYING MOTIONS<br><br>Re: Dkt. Nos. 51, 55 |

Petitioner, Tyrone Reed, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court granted a motion to dismiss and dismissed many claims from the petition as procedurally defaulted. Docket No. 47. The Court then reviewed the merits of the remaining claim and denied the petition. Docket No. 48. Petitioner has filed an appeal and a motion to appoint counsel.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at

728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 Randy Hertz & James Liebman, Federal Habeas Corpus Practice and Procedure § 12.3b at 799-813 (6th ed. 2011). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that appointment of counsel is not warranted in this case. While Petitioner states he is suffering from a mental illness, he has not submitted "substantial evidence" that he currently suffers from a serious mental illness that impairs his ability to prosecute this action. See Allen v. Calderon, 408 F.3d 1150, 1152–53 (9th Cir. 2005) (holding that court must assess petitioner's mental health during "relevant time period," pendency of habeas petition, and must hold competency hearing if "substantial evidence" of debilitating mental illness exists).

Petitioner has filed seven different state habeas petitions regarding this conviction, each of which challenged his conviction on different grounds. Since 2009, Petitioner has filed at least ten civil rights complaints. It is possible that

2

all of these lawsuits were filed with the assistance of other inmates, but that would merely prove that Petitioner's mental impairment does not interfere with his ability to secure legal assistance when needed.  See, e.g., Payne v. Gipson, No. ED CV 12-1377-CAS (SP), 2013 WL 693011, at *6 (C.D. Cal. Jan. 15, 2013) (equitable tolling context) ("Although petitioner's papers indicate he never personally prepared a habeas petition, petitioner admittedly understood that he needed 'to go [through] the courts to obtain relief' and sought the assistance of three different inmates to file four habeas petitions.  In other words, petitioner's mental state did not 'interfere [ ] with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure.'") (quoting Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010)) (alterations in original).  Moreover, Petitioner has adequately litigated this habeas case.

The Court notes that Petitioner has also filed a motion to appoint counsel in this case in the Ninth Circuit.  Petitioner's motion for the appointment of counsel (Docket No. 55) is DENIED.  Petitioner's motion for a response (Docket No. 51) is DENIED as moot.

IT IS SO ORDERED.

Dated: 5/17/2016

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Reed5455.ord4.docx